IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TROY BRAVE, LLC D/B/A BRAVE FREIGHT**, | * |
| | * |
| *Plaintiff/Counter-Defendant,* | |
| v. | *   Civil Case No: 1:22-cv-02409-JMC |
| **GRANTSVILLE TRUCK & TRAILER, LLC**, | * |
| | |
| *Defendant/Counter-Plaintiff.* | |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Troy Brave, LLC d/b/a/ Brave Freight ("Brave") filed the present action for detinue, declaratory relief, and conversion on September 21, 2022, against Defendant Grantsville Truck & Trailer, LLC ("Grantsville"). (ECF No. 1). Grantsville then filed a Counter Complaint against Brave on November 23, 2022 (ECF No. 14), before filing a third party complaint against Mexichem Specialty Resins, Inc. ("Mexichem") that same day (ECF No. 15). The Court previously dismissed Grantsville's third party complaint on September 14, 2023. *See Troy Brave, LLC d/b/a/ Brave Freight v. Grantsville Truck & Trailer, LLC*, No. 1:22-CV-02409-JMC, 2023 WL 5984126 (D. Md. Sept. 14, 2023). The Court then granted in part and denied in part Brave's Motion for Summary Judgment on September 26, 2023, via Memorandum Opinion and Order (the "Order"). *See Troy Brave, LLC v. Grantsville Truck & Trailer, LLC,* No. 1:22-CV-02409-JMC, 2023 WL 6244658 (D. Md. Sept. 26, 2023). Presently before the Court are two motions: (1) Brave's Amended Motion to Modify the Court's Order ("Brave's Motion") (ECF No. 70); and (2) Grantsville's Motion to Alter or Amend Judgment (ECF No. 72). With regard to Brave's Motion,

the Court has considered the Motion, Grantsville's Opposition thereto (ECF No. 71), and Brave's Reply (ECF No. 73). With regard to Grantsville's Motion, the Court has considered the Motion and Brave's Opposition (ECF No. 73).[1] No hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Brave's Motion will be GRANTED in part and DENIED in part, and Grantsville's Motion will be GRANTED in part and DENIED in part.

I.  **BACKGROUND**

The facts underlying the case *sub judice* are documented in the Court's September 26, 2023, Memorandum Opinion. *See generally Brave*, 2023 WL 6244658. In short, this dispute arises from Grantsville's clearing and subsequent retention of a trailer and cargo involved in a motor vehicle accident in Maryland. Brave requested the return of the trailer and cargo to no avail, leading Brave to file suit for detinue, declaratory relief, and conversion in the face of Grantsville's counter claims under theories of quantum meruit and breach of contract. Relevant for purposes of the present motions, the Court granted in part and denied in part Brave's prior motion for summary judgment and held the following:

1. Brave's request for summary judgment in its favor against Grantsville for detinue under Count I of Brave's Complaint was GRANTED;

2. Brave's request for summary judgment in its favor against Grantsville under Count II of Brave's Complaint was GRANTED;

3. Brave's request for summary judgment in its favor against Grantsville for conversion under Count III of Brave's Complaint was GRANTED;

---

[1] Grantsville did not file a Reply brief in response to Brave's Opposition to Grantsville's Motion. *See* Loc. R. 105.2 (D. Md. 2023).

4. Brave's request for summary judgment in its favor against Grantsville for quantum meruit under Count I of Grantsville's Counter Complaint was DENIED;

5. Brave's request for summary judgment in its favor against Grantsville on Count II of Grantsville's Counter Complaint was GRANTED; and

6. Brave's request for summary judgment in its favor against Grantsville for breach of contract under Count III of Grantsville's Counter Complaint was DENIED.

(ECF No. 64 at p. 1).[2] Pursuant to rulings (1), (2), (3), and (5), the Court also awarded Brave $15,000.00 in damages for the value of the trailer at issue under Maryland Rule 12-602(d)(1); $47,950.00 for the value of the cargo at issue under Maryland Rule 12-602(d)(1); and $5,174.00 in damages resulting from the lease and insurance payments made by Brave while Grantsville was in unlawful possession of the trailer and cargo at issue. *Id.* at 2.[3] Because the trailer and cargo were still in Grantsville's possession as of the September 26, 2023, Order, the Court further directed Brave to submit any additional lease and insurance payments Brave was entitled to between June 14, 2023 (the date Brave submitted its reply in support of its motion for summary judgment), and September 26, 2023, within thirty (30) days therefrom. *Id.* at 2.

Before the Court had the opportunity to enter any corresponding judgment, Grantsville filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit regarding the Court's September 26, 2023, Order. (ECF No. 67). The present motions then ensued shortly thereafter, and each is discussed in turn below.

---

[2] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

[3] The Court denied Brave's request for summary judgment in its favor that Grantsville's actions resulted in $64,709.12 in lost profits. *See* (ECF No. 64 at p. 2).

## II.      STANDARD OF REVIEW

"Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment." *Brault v. Trans Union, LLC*, No. GJH-18-3244, 2019 WL 7293396, at *2 (D. Md. Dec. 27, 2019) (citing Fed. R. Civ. P. 59(e)). This process effectively "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). "A Rule 59(e) motion is discretionary. It need not be granted unless the district court finds that [1] there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010); *see also U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). Clear error or manifest injustice occurs where a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brault*, 2019 WL 7293396 at *2 (citing *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Braunstein v. Pickens*, 406 F. App'x 791, 798 (4th Cir. 2011). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, the Fourth Circuit reviews a district court's decision to grant or deny a Rule 59(e)

motion under an abuse of discretion standard. *Ward v. AutoZoners, LLC*, 958 F.3d 254, 271 (4th Cir. 2020); *Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005).

Particularly in cases where the parties dispute which Federal Rule governs a motion for reconsideration/to amend, this Court refers to Rule 54 as an alternative to Rule 59. Rule 54 provides that,

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "The Fourth Circuit has not articulated a standard of review of a Rule 54(b) motion," but "this court [nevertheless] frequently looks to the standard for Rule 59(e) when considering Rule 54(b) motions." *Sanchez v. McAleenan*, No. GJH-19-01728, 2020 WL 6263428, at *3 (D. Md. Oct. 23, 2020) (first citing *CytImmune Scis. v. Paciotti*, No. PWG-16-1010, 2016 WL 6879942, at *1 (D. Md. Nov. 22, 2016), then citing *Cezair v. JPMorgan Chase Bank, N.A.*, No. CIV.A. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014)). Thus, "Aligning with the Rule 59(e) standard, this Court has held that [a] motion for reconsideration is appropriate [under either Rule] to correct manifest errors of law or fact or to present newly discovered evidence, or where there has been an intervening change in controlling law." *Sanchez*, 2020 WL 6263428 at *3 (internal quotations omitted). And similar to analyzing a Rule 59 motion,

> A motion for reconsideration under Rule 54(b) . . . is not a license for a losing party's attorney to get a second bite at the apple . . . Although there may be many valid reasons to reconsider an order, a motion to reconsider is not a license to reargue the merits or present new evidence that was previously available to the movant . . . These rules of constraint . . . make sense when a district court is asked to reconsider its own order under Rule 59(e), Rule 54(b), or even no rule at all, because [w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court–not to mention its patience.

5

*Id.* at *3–4 (internal quotations omitted); *see also CytImmune Scis.*, 2016 WL 6879942 at *2. A district court's determination of a motion pursuant to Rule 54(b) is likewise considered under an abuse of discretion standard. *Carlson v. Bost. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

Finally with regard to Brave's request for the entry of a final judgment pursuant to Rule 54, Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

### III. DISCUSSION

#### A. Brave's Motion

Brave's Motion argues that the Court's Order should be modified to include pre-judgment and post-judgment interest and additionally requests that the Court enter a final judgment on Brave's detinue claim, supported by an affidavit attesting to the additional lease and insurance payments made between June 14, 2023, and September 26, 2023. *See generally* (ECF No. 70).[4]

Regarding pre-judgment interest, "absent a statutory mandate, the award of pre-judgment interest is discretionary with the trial court." *Krysztofiak v. Bos. Mut. Life Ins. Co.*, No. CV DKC 19-0879, 2020 WL 2839100, at *3 (D. Md. June 1, 2020); *see also Est. of Zhengguang v. Stephany*, No. 8:18-CV-03546-PX, 2023 WL 137862, at *4 (D. Md. Jan. 9, 2023). "In a diversity case" such as this one, "prejudgment interest is a matter of state substantive law." *LPS Default Sols., Inc. v.*

---

[4] Brave previously filed a Motion to Amend/Correct on September 16, 2023, requesting an award of pre and post judgment interest, but that motion was terminated when Brave filed its Amended Motion to Amend/Correct presently before the Court. *See* (ECF No. 65).

*Friedman & MacFadyen, P.A.*, No. CIV. WDQ-13-0794, 2013 WL 4541281, at *5 (D. Md. Aug. 23, 2013) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)). As Maryland courts have previously opined,

> There are three rules regarding prejudgment interest: (1) as a matter of right— prejudgment interest is allowed as a matter of right when the obligation to pay and the amount due [have] become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date; (2) absolute non-allowance—where the recovery is for bodily harm, emotional distress, or similar intangible elements of damage not easily susceptible of precise measurement, the award itself is presumed to be comprehensive, and pre-judgment interest is not allowed; and (3) if the case falls in between the as of right and absolute non-allowance, pre-judgment interest is within the discretion of the trier of fact.

*Baltimore Cnty., Md. v. Aecom Servs., Inc.*, 200 Md. App. 380, 424 (2011) (internal quotations omitted); *see also Bresler v. Wilmington Trust Co.*, No. CIV. PJM 09-2957, 2015 WL 4385994, at *3 ("Pre-judgment interest is available 'as a matter of right' when 'the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to the judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.'") (quoting *Buxton v. Buxton*, 363 Md. 634 (2001)).

"On the other hand, '[f]ederal law, rather than state law, governs the calculation of post-judgment interest in diversity cases.'" *Bresler*, 2015 WL 4385994 at *3 (citing *Hitachi*, 166 F.3d at 633). Federal law mandates the award of post-judgment interest pursuant to 28 U.S.C. § 1961(a) "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see also Bresler*, 2015 WL 4385994 at *3 ("With respect to post-judgment interest, 'federal law mandates the awarding of postjudgment interest.'") (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993)). However, the Court will ultimately grant in part Grantsville's Motion for the reasons explained below, and the Court therefore need not analyze

7

whether Brave is entitled to pre or post-judgment interest because it will refrain from entering a final judgment on Brave's detinue claim.

### B. Grantsville's Motion

Grantsville's Motion is framed as one under Rule 59. Brave argues initially in its opposition that the Motion is more properly governed by Rule 54(b) because "The Court's September 26, 2023, Order granting partial summary judgment to [Brave] is an interlocutory order and not a judgment because it is not an order from which an appeal lies." (ECF No. 74). Regardless, as noted above, the standard under which this Court analyzes motions under Rule 59 and Rule 54 are effectively the same. Namely, that a motion for reconsideration/to amend is proper "to correct manifest errors of law or fact or to present newly discovered evidence, or where there has been an intervening change in controlling law." *Sanchez*, 2020 WL 6263428 at *3.[5]

Whether analyzed under Rule 59 or Rule 54, Grantsville's Motion will be granted in part. Specifically, Grantsville argues that the Order should be modified because (1) Brave lacked standing to make a claim for damages to the trailer; (2) Brave failed to mitigate its damages regarding the trailer; and (3) "[t]he value of the trailer and cargo for damages asserted was not established by evidence." (ECF No. 72 at pp. 2–5). The Court previously rejected Grantsville's

---

[5] Without concluding whether the Order constitutes an interlocutory order for which an appeal properly lies, the Court notes that Brave's argument on this issue may cut both ways. For instance, Brave argues that the Order is interlocutory in nature, yet requests the entry of post-judgment interest, which necessarily seems to require the entry of an underlying judgment. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money *judgment* in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the *judgment* . . . as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the *judgment*.") (emphasis added). This Court acknowledged that a judgment had not been entered yet because it directed Brave to submit an affidavit for the Court to then consider in an accompanying judgment. *See* (ECF No. 64 at p. 2). Further, Brave itself seems to recognize that the Order did not constitute a judgment because Brave explicitly argues in its present Motion that "The Court Should enter final judgment pursuant to FRCP 54(b) as to Count I – Detinue." (ECF No. 70 at p. 3). Brave also urges the Court not to consider Grantsville's Motion for timing reasons, but the Court finds that the Fourth Circuit's directive to prioritize deciding issues on their merits outweighs any such concerns, especially considering that Grantville filed its motion 28 days after the Order was issued, which is within the time frame provided by Rule 59 under which Grantsville's Motion is framed.

first and second contentions in its prior Memorandum Opinion. *See Brave*, 2023 WL 6244658 at *4 (rejecting Grantsville's argument that Brave did not have the authority to demand release of the trailer and subsequently seek damages); *id.* at *8–9 (addressing the parties' arguments regarding the mitigation of damages). The Court therefore will not entertain these rehashed arguments given that Grantsville has presented no intervening change of law, newly discovered evidence, or demonstrated a clear error as to these conclusions. And with respect to the third contention, Brave did submit evidence regarding the value of the trailer and cargo in the form of an affidavit describing the value of both along with the basis upon which that opinion was formed. *See* (ECF No. 45-3 at pp. 2–3). Grantsville did not contest those values set forth by Brave in its motion for summary judgment, and those amounts of requested damages therefore went unopposed. *See Brave*, 2023 WL 6244658 at *9 (noting that Grantsville did not oppose that the trailer is valued at $15,000.00 and the cargo is valued at $47,950.00); Fed. R. Civ. P. 56(e); *see also generally* (ECF No. 59). Grantsville's failure to contest the factually supported values of the trailer and cargo may ordinarily warrant denying Grantsville's Motion. *See, e.g.*, *Seton v. United Gold Network,* No. CV DKC 2006-1246, 2008 WL 11509635, at *2–3 (D. Md. Mar. 24, 2008); *Lawley v. Northam*, No. CIV.A. ELH-10-1074, 2013 WL 4525288, at *1–2 (D. Md. Aug. 23, 2013).

However, Grantsville correctly draws attention to the fact that the Court employed the incorrect law in determine the amount of damages Brave may be entitled to under its claim for detinue. Maryland courts have historically opined that the proper valuation for damages in a detinue action is the value of the property at the time that the detinue occurred. *See, e.g., Fishwick's Adm'r v. Sewell*, 4 H. & J. 393 (1818) ("In detinue there is no damages for the intermediate value of the property. In an action for a tort the measure of damages is the value of the thing, to be fixed when the damage arose, which is when the tort was committed."); *Wallander*

*v. Barnes*, 341 Md. 553, 574 (1996) (citing 1 D. Dobbs, *Law of Remedies* § 5.13(1) (2d ed. 1993) for the proposition that "The usual measure of general damages for either taking or destruction [of property] is the market value of the item taken or destroyed at the time and place of the taking or destruction, with alternate or supplementary measures allowed in special instances"); *111 Scherr Lane, LLC v. Triangle Gen. Contracting, Inc.*, 233 Md. App. 214, 247–49 (2017) (finding that party was entitled to a judgment in detinue for the property's value after the detinue occurred). This is well aligned with Maryland's calculation of damages for liability under other property-related torts historically recognized by the State. *See, e.g.*, *Vaughn v. Vaughn*, 146 Md. App. 264, 278 (2002) ("The measure of damages in conversion is the fair market value of the property at the time and place of the conversion."); *Anne Arundel Cnty. v. Reeves*, 474 Md. 46, 67 n.10 (2021) ("[T]he rule is well established that the measure of damages for the conversion or destruction of a chattel is the market value of the chattel at the time and place of the conversion or destruction."); *Bastian v. Laffin*, 54 Md. App. 703, 714 (1983) ("The measure of damages for tortious injury to personal property is the lesser of the difference between the value of the property immediately before the harm has been done and its value immediately thereafter or the reasonable cost of repairs."); *Stirling v. Garritee*, 18 Md. 468, 474 (1862) ("The measure of damages in *trover*, is the value of the goods at the time of conversion."). In fact, this Court has previously noted that Maryland's highest court's analysis regarding damages for conversion also applies to calculating damages for actions based in detinue. *See Hellenic v. Lines*, No. CV DKC 13-828, 2015 WL 13617237, at *1–2 (D. Md. Apr. 14, 2015) (noting that the standard regarding damages for conversion also applies to actions for detinue and that, "from the inception of the case, [plaintiffs] have sought the return of the goods withheld by [defendants] caused by their detention, which provided ample notice to Defendant about the need to conduct damages discovery"); *see also Pan*

*4 Am., LLC v. Tito & Tita Food Truck, LLC*, No. DLB-21-401, 2022 WL 622234, at *10 (D. Md. Mar. 3, 2022) (acknowledging that causes of action for conversion and detinue are "intertwined" under Maryland law). Notably, Brave does not contend otherwise in its Opposition, but instead argues exclusively that Grantsville failed to properly oppose Brave's prior motion for summary judgment thereby precluding the relief it seeks now—which, to be fair to Brave, has some merit for the above reasons.[6] Nevertheless, the Court finds that this error warrants amending the Order.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that the Order was based, in part, on an error of law regarding the proper valuation of damages for Brave's action in detinue. To be clear, the Court will not reconsider the Court's prior holdings as to Grantsville's liability under Brave's causes of action for detinue, declaratory relief, or conversion (or as to Brave's potential liability under breach of contract or quantum meruit). It is thus, this 21st day of November 2023 hereby **ORDERED** that:

1. Brave's Motion (ECF No. 70) is **GRANTED** in part and **DENIED** in part. Specifically, the Motion is granted to the extent that the Court accepts Brave's affidavit responsive to item 10 of the Order and finds that Brave is further entitled to an additional $1,720.96 in damages resulting from the lease/insurance payments incurred by Brave resulting from Grantsville's unlawful possession of the trailer and cargo, totaling $6,894.96. The Motion

---

[6] Likewise, Brave does not contest—either in its Opposition to Grantsville's Motion or in its Reply in response to Grantsville's Opposition to Brave's Motion—that the $15,000.00 value for the trailer and $47,950.00 value for the cargo are the *pre*-accident values of the property. Rather, there is sufficient evidence to indicate that Grantsville's tortious conduct did not occur until after the property had already been damaged. For instance, Grantsville's involvement in this case did not begin until it responded to the scene of the crash site, which Grantsville submitted photographic evidence and an affidavit demonstrating that the trailer and cargo had been overturned on the side of the road by the time Grantsville arrived at the scene of the accident. *See* (ECF No. 59-1). Moreover, Troy Bravenboer's affidavit which initially set forth the value of the trailer and cargo expressly indicates that (1) the $15.000.00 value of the trailer was based on the lessor's replacement valuation at the time Brave leased the trailer; and (2) the $47,950.00 value of the cargo was based on the value of the cargo that Brave was contracted to transport, not necessarily the value of the cargo as of Grantsville's recovery and detention. *See* (ECF No. 45-3 at pp. 2–3).

is denied to the extent that Brave seeks pre or post judgment interest and to the extent that Brave requests the entry of final judgment on its detinue claim;

2. Grantsville's Motion (ECF No. 72) is **GRANTED** in part and **DENIED** in part. Specifically, the Motion is granted to the extent that the Court recognizes it committed legal error in the valuation of damages under Brave's detinue claim for the value of the trailer and cargo. Accordingly, item 7 of the Order is stricken or, in the alternative, Brave's request for damages in its favor against Grantsville for payment of $15,000.00 for the value of the trailer and $47,950.00 for the value of the cargo under Maryland Rule 12-602(d)(1) is **DENIED** as a genuine dispute of material fact exists regarding the value of the property at the time the detinue/conversion occurred;

3. Items 8 and 10 of the Order are not stricken;

4. The Court will reserve entering a final judgment with regard to Brave's detinue claim given that the issue of damages is outstanding as to both (1) the value of the trailer and cargo at the time the tortious conduct occurred; and (2) any lost profits resulting from Grantsville's unlawful possession of the trailer and cargo, either or both of which Brave may pursue under their detinue or conversion claim (but not both so as to permit double recovery);[7] and

5. Should the parties wish to re-open discovery for the limited purpose of ascertaining the value of the trailer and cargo while in Grantsville's unlawful possession, the parties shall petition the Court accordingly.

---

[7] To clarify, the Court held in its prior Order that a genuine dispute of material fact existed precluding the Court from holding that Brave was entitled to $64,709.12 in lost profits from Grantsville's unlawful possession of the trailer and cargo. *See* (ECF No. 64 at p. 2). That ruling is not disturbed, as the genuine issue of material fact still exists as to whether Brave mitigated its damages such that Grantsville's unlawful possession of the trailer and cargo resulted in the lost profits sought by Brave.

Date: <u>November 21, 2023</u>                                          <u>            /s/            </u>
                                                                       J. Mark Coulson
                                                                       United States Magistrate Judge