IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TROY BRAVE, LLC D/B/A BRAVE FREIGHT**, | * | |
| | * | |
| *Plaintiff/Counter-Defendant,* | | |
| v. | * | Civil Case No: 1:22-cv-02409-JMC |
| **GRANTSVILLE TRUCK & TRAILER, LLC**, | * | |
| *Defendant/Counter-Plaintiff.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Troy Brave, LLC d/b/a Brave Freight ("Brave"), filed the above-entitled action for detinue, declaratory relief, and conversion on September 21, 2022, against Defendant Grantsville Truck & Trailer, LLC ("Grantsville"). (ECF No. 1). Grantsville filed a Counter Complaint against Brave on November 23, 2022, as well as a third-party complaint against Mexichem Specialty Resins, Inc. ("Mexichem") that same day. This Court subsequently dismissed Grantsville's third-party complaint against Mexichem. *See Troy Brave, LLC d/b/a Brave Freight v. Grantsville Truck & Trailer, LLC*, No. 1:22-CV-02409-JMC, 2023 WL 5984126 (D. Md. Sept. 14, 2023).

Brave moved for Summary Judgment on all Counts of its Complaint as well as on all Counts of Grantsville's Counter on May 1, 2023. (ECF No. 45). This Court granted summary judgment in Brave's favor under Counts I, II, and III of Brave's Complaint, and under Count II of Grantsville's Counter Complaint, and denied summary judgment as to Counts I and II of Grantsville's Counter Complaint. (ECF No. 64). Shortly thereafter, Grantsville noticed an appeal

1

of this Court's decision, (ECF No. 66), which was ultimately dismissed for failure to prosecute. (ECF No. 78).

On July 15, 2024, counsel for Brave moved for leave to withdraw their appearance. (ECF No. 64). This Court granted counsel's motion on August 19, 2024, and directed Brave to obtain new counsel by September 19, 2024, as required under the Local Rules. (ECF No. 85); Loc. R. 101.1(a) (D. Md. 2023) ("All parties other than individuals must be represented by counsel."). The Court cautioned Brave that failure to obtain new counsel could result in dismissal of its claims and/or default judgment on claims against it. *Id.* Brave did not comply with the Court's Order or otherwise respond, and on October 1, 2024, the undersigned directed the parties to show cause by October 18, 2024, as to why all claims by both parties should not be dismissed with prejudice. (ECF No. 86). Brave did not file any response, and Grantsville has indicated that it does not oppose dismissal of all claims by all parties with prejudice. (ECF No. 87).

Accordingly, it is this 25th day of October, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED with prejudice;
2. The Counter Complaint IS DISMISSED with prejudice;
3. The Clerk SHALL PROVIDE a copy of this Order to both parties; and
4. The Clerk IS FURTHER DIRECTED to CLOSE this case.

/s/
J. Mark Coulson
United States Magistrate Judge